DUFF (MAYNADIER v.). See Case No. 9,349.

DUFFEY (STEWART v.). See Case No. 13,425.

## Case No. 4,118.

### DUFFY v. BALTIMORE.

[Taney, 200.][1]

Circuit Court, D. Maryland. Nov. Term, 1852.

RIOTS—DESTRUCTION OF PROPERTY—LIABILITY OF MUNICIPAL CORPORATION — REASONABLE DILIGENCE TO SUPPRESS.

1. In an action against the mayor and city council of Baltimore, under a law of Maryland of 1835, c. 137, making any county, incorporated town, &c., in which a riot occurs, liable for injuries to or destruction of property, occa-

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

sioned thereby; with a proviso, "That no such liability shall be incurred by such county, &c., unless the authorities thereof shall have had good reason to believe that such riot, &c., was about to take place, or, having taken place, should have had notice of the same, in time to prevent said injury, &c., either by their own police, or with the aid of·the citizens of such county, &c.; it being the intention of this act that no such liability shall be devolved upon such county, &c., unless the authorities thereof, having notice, have also the ability, of themselves, or with their own citizens, to prevent such injury; and provided further, that in no case shall indemnity be received, where it shall be satisfactorily proved that the civil authorities and citizens of such county, &c., when called on by the civil authorities thereof, have used all reasonable diligence, and all the powers entrusted to them, for the prevention or suppression of such riotous or unlawful assemblages:" *Held*, that in order to entitle the plaintiff to recover, it must be shown, by the evidence, that the property was destroyed by a riotous and tumultuous assemblage, too strong to be resisted without the aid of the civil authority.

2. It must appear also, that the city authorities had reasonable grounds for believing that such an assemblage. too strong to be resisted without their aid, had taken place, or was about to take place, and did not use reasonable diligence to suppress or prevent it.

3. If the property was destroyed by a tumultuous or riotous meeting, the corporation is not responsible, if diligent inquiry was made, after notice that danger was apprehended, and reasonable precautions taken by the civil authorities to guard against such a riotous and tumultuous assemblage. Nor are they answerable, if the injury was done upon a sudden excitement, which the civil authorities had not good reason to apprehend, or, from the suddenness, had not time to prevent.

4. The city authorities ·were not bound to place officers or guards to prevent trespasses and depredations, and are not liable to pay for any destruction, unless committed by a riotous and tumultuous assemblage, too strong to be resisted without the aid of the civil authority, and which tumultuous assemblage the civil authorities had reasonable ground to believe would take place, for the purpose of destroying the property.

5. Even if it were proved that the property destroyed was so dilapidated as to be a nuisance, and dangerous to enter, this would be no defence to such action, as it could not be lawfully abated by a riotous and tumultuous assemblage.

This was an action on the case brought on the 27th of October. 1851, by the plaintiff, a resident of New York. The grounds of action, as stated in the narr., were: "For that whereas the said plaintiff, heretofore, to wit, on the first day of June, in the year 1849, was lawfully possessed of certain buildings, partly built of brick and partly of frame, used in the making and manufacturing of rope, and as places of deposit, which said buildings were situate within the limits of the city of Baltimore; which said buildings were, between the first·day of June and the first day of August, in the year one thousand eight hundred and forty-nine, greatly injured, and to a large amount, to wit, to the amount of ten thousand dollars, by certain rioters and tumultuous assemblages of people, in the city of Baltimore, to wit, in the district aforesaid. That the authorities of the city of Baltimore, whose duty it was to have prevented the said riotous and tumultuous assemblages of people, and to have protected the said buildings from the said injury, and who had notice of the said assemblages, in time to have prevented the, said injury, and who had the ability to have prevented the said injury, did not use due, reasonable and proper efforts to prevent the said assemblages, nor the happening of the said injury, but neglectingly failed to do so, and owing to the want of due care and proper attention and timely interference, on the part of the said authorities, the said injury was effected and done by the said assemblages of people. That the said city authorities had the ability to have prevented the said injury, and had notice of the said assemblages, in time to have arrested their proceedings, and to have prevented the said injury by them. And so the said plaintiff states that, by force of the act of assembly in such case made and provided, the defendant became responsible to the said plaintiff, to a large amount, to wit, to the amount of twenty thousand dollars, and therefore, he brings suit," &c.

The suit was brought under the act of assembly of Maryland of 1835, c. 137, which provides that any county, incorporated town or city, in which a riot occurs, shall be liable for the injury to, or destruction of property occasioned thereby; "provided, however, that no such liability shall be incurred by such county, incorporated town or city, unless the authorities thereof shall have had good reason to believe that such riot, or tumultuous assemblage, was about to take place, or having taken place, should have had notice of the same, in time to prevent said injury or destruction, either by their own police, or with the aid of the citizens of such county, town or city; it being the intention of this act, that no such liability shall be devolved on such county, town or city, unless the authorities thereof, having notice, have also the ability, of themselves, or with their own citizens, to prevent said injury: provided further, that in no case shall indemnity be received, where it shall be satisfactorily proved that the civil authorities and citizens of said county, town or city, when called on by the civil authorities thereof, have used all reasonable diligence, and all the powers entrusted to them, for the prevention or suppression of such riotous or unlawful assemblages."

The defendant made the following prayers to the court: "The defendant, by its counsel, prays the court to instruct the jury, as follows: 1. That the plaintiff is not entitled to recover in this case, for any damages he may have sustained, by the injury or destruction of property spoken of by the witnesses, unless they shall find, from the evidence in the cause, that such injury or destruction was occasioned by a riotous or tumultuous assembly of people. 2. That even if they shall find that there was injury or destruc--

tion of the property of the plaintiff, and that the same was occasioned by the riotous or tumultuous assemblage of people, still the plaintiff is not entitled to recover in this case, unless they shall also find, from the evidence in the cause, that the ·authorities of the city of Baltimore had good reason to believe, prior to such injury or destruction of property, that such riotous or tumultuous assemblage was about to take place, or had notice of its existence, in time to prevent such injury or destruction; nor then, if they shall find, from the evidence, that the civil authorities used all reasonable diligence, and exercised the powers entrusted to them for the prevention of the same, so far as it was necessary to exert such powers."

J. Nelson and Geo. M. Gill, for plaintiff.
Wm. Schley, for defendant.

TANEY, Circuit Justice. 1. In order to entitle the plaintiff to recover, it must be shown, by the evidence, that the property was destroyed by a riotous and tumultuous assemblage, too strong to be resisted without the aid of the civil authority.

2. It must appear also, that the city authorities had reasonable ground for believing that such an assemblage, too strong to be resisted without their aid, had taken place, or was about to take place, and did not use reasonable diligence to suppress or prevent it.

3. If it was destroyed by a tumultuous or riotous meeting, yet the corporation is not responsible, if diligent inquiry was made, after notice that danger was apprehended, and reasonable precautions taken by the civil authorities to guard against such a riotous and tumultuous assemblage.

4. Nor are they answerable, if the injury was done upon a sudden excitement, which the civil authorities had not good reason to apprehend, or, from the suddenness, had not time to prevent.

5. The city authorities were not bound to place officers or guards to prevent trespasses and depredations, and are not liable for any destruction, unless committed by a riotous and tumultuous assemblage, too strong to be resisted without the aid of the civil authority, and which tumultuous assemblage the civil authorities had reasonable ground to believe would take place, for the purpose of destroying the property.

Verdict for the defendant.

Some evidence was offered to prove that the property was so dilapidated that it was a nuisance, and dangerous to enter. As no point was made on this evidence, it was not noticed in the opinion; but THE COURT were clearly of opinion that, if it was a nuisance, it was no defence to this action; it could not be lawfully abated by a riotous and tumultuous assemblage.